# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lowai Alkotf, | No. CV-22-01617-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Got Clean Kicks LLC, | |
| Defendant. | |

Upon review of the parties' Stipulation of Dismissal (Doc. 18), and good cause appearing,

**IT IS ORDERED** granting the Stipulation (Doc. 18).[1] The above-entitled matter is hereby dismissed with prejudice as to Plaintiff Lowai Alkotf and without prejudice as to any putative class members. All parties to bear their own costs and attorneys' fees.

**IT IS FURTHER ORDERED** directing the Clerk to close this matter.

Dated this 14th day of February, 2023.

Honorable John J. Tuchi
United States District Judge

---

[1] Although the parties do not raise the issue, the Court notes that in *Diaz v. Trust Territory of Pacific Islands*, the Ninth Circuit held that Federal Rule of Civil Procedure 23(e) applied to pre-certification class claims, thus requiring courts to consider certain factors when settlement or voluntary dismissal of putative class claims is sought. 876 F.2d 1401 (9th Cir. 1989). Rule 23 was subsequently amended, however, to state that "[t]he claims, issues, or defenses of a *certified class*–or a *class proposed to be certified for purposes of settlement*–may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e) (emphasis added). Rule 23(e) is therefore inapplicable here. *See* Wright and Miller, Federal Practice & Procedure § 1797 (3d ed. 2021) ("[T]he 2003 amendments make clear that Rule 23(e) only applies to the 'claims, issues, or defenses of a certified class.' Thus . . . voluntary dismissals that occur before class certification are outside the scope of subdivision (e)."); *see also, e.g., Hall v. Western Refining Retail, LLC*, No. 19-CV-00855-VAP-SKx, 2021 WL 4497925, *1 n.1 (C.D. Cal. June 23, 2021), and other authorities cited therein.